**Douglas R. Pahl**, OSB No. 950476
DPahl@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Counsel for Plaintiff
*15005 NW Cornell LLC*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>15005 NW CORNELL LLC, and<br><br>VAHAN M. DINIHANIAN, JR.<br><br>           Debtors.[1] | 19-31883-dwh11 (Lead Case)<br><br>19-31886-dwh11<br><br>Jointly Administered Under<br>Case No. 19-31883-dwh11 |
| 15005 NW CORNELL LLC, an Oregon limited liability corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>TASHA TEHERANI-AMI, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 01/01/11,<br><br>           Defendant. | Adv. Proc. No. _____<br><br>**COMPLAINT**<br><br>1) Avoidance of Unperfected Interest – 11 U.S.C. § 544<br><br>2) Avoidance of Fraudulent Transfer – 11 U.S.C. § 544, 548<br><br>3) Declaratory Judgment |

15005 NW Cornell LLC ("**Plaintiff**"), for its causes of action against Tasha Teherani-Ami, in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: 15005 NW Cornell LLC (5523) and Vahan M. Dinihanian, Jr. (0871) (Case No. 19-31886-dwh11)).

PAGE 1- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 20-03079-dwh    Doc 1    Filed 07/23/20

her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 01/01/11 (the "**Trust**" or "**Defendant**") states, claims, and alleges as follows:

## THE PARTIES

1. Plaintiff is a manager-managed Oregon limited liability company. Plaintiff is 50% owned by Eagle Holdings LLC and 50% owned by the Trust. Vahan M. Dinihanian, Jr. ("**Dinihanian**") is the Plaintiff's Manager, as provided in Plaintiff's Operating Agreement.

2. Tasha Teherani-Ami, formerly known as Tasha Dinihanian, in her individual capacity ("**Teherani-Ami**") is a resident of the State of Oregon and at all material times has resided in or around the City of Portland, State of Oregon.

## JURISDICTION AND VENUE

3. Pursuant to the provisions of 28 U.S.C. § 157(b)(1) and 28 U.S.C. § 157(b)(2)(H) and (O), (a) this Court has jurisdiction over the subject matter of this adversary proceeding and (b) this matter is a core proceeding.

4. Venue is proper pursuant to the provisions of 28 U.S.C. § 1409(a).

## FACTS

5. Plaintiff is the owner of a 50% undivided interest in the real property and improvements located at 15005 NW Cornell Road, Beaverton, Oregon, more particularly described in the attached **Exhibit A** (the "**Farm**"). Plaintiff's 50% interest in the Farm is Plaintiff's only asset, and is of significant value.

6. On or about August 22, 2012, Defendant filed a petition for dissolution of her marriage to Dinihanian in the Multnomah County Circuit Court, Case No. 1208-68730 (the "**Divorce Proceeding**").

7. Plaintiff was not a party to the Divorce Proceeding.

8. Defendant was not a party to the Divorce Proceeding.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

9. Teherani-Ami and Dinihanian both agreed and stipulated to the entry of General Judgment of Dissolution of Marriage (the "**Judgment**"), entered on the court's registry on March 22, 2016. Teherani-Ami and Dinihanian both signed the Judgment in their individual capacities prior to entry of the Judgment by the court in the Divorce Proceeding.

10. Plaintiff did not sign the Judgment.

11. Defendant did not sign the Judgment.

12. Plaintiff was not indebted to Defendant or Teherani-Ami prior to the conclusion of the Divorce Proceedings.

13. The Judgment included a purported obligation for Dinihanian to "cause [Plaintiff] to execute and deliver to [Defendant] a statutory warranty deed conveying an undivided and unencumbered 25% interest in the Farm in exchange for Sonja's membership interest in [Plaintiff]."

14. Plaintiff has not signed or delivered a deed to transfer any interest in the Farm to Defendant.

15. Defendant asserts that the Judgment and Oregon Rule of Civil Procedure 71 has effected a transfer of one-half of Plaintiff's interest in the Farm (the "**Disputed Transfer**"). Plaintiff received no consideration in exchange for the Disputed Transfer.

16. At the time of entry of the Judgment, Plaintiff generated no revenue, through its interest in the Farm or otherwise.

17. Plaintiff filed a voluntary petition under chapter 11 of the United States Bankruptcy Code on May 21, 2019 (the "**Petition Date**"), in the United States Bankruptcy Court for the District of Oregon, entitled *In re 15005 NW Cornell LLC*, Case Number 19-31883-dwh11 (the "**Chapter 11 Case**").

PAGE 3- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 20-03079-dwh    Doc 1    Filed 07/23/20

# FIRST CLAIM FOR RELIEF
### (Avoidance of Transfer or Obligation – 11 U.S.C. § 544(a)(3))

18. Plaintiff re-alleges paragraphs 1-17 above.

19. Under 11 U.S.C. § 544(a)(3) and 550, Plaintiff, with the powers of a trustee pursuant to 11 U.S.C. § 1107(a), and without regard to any knowledge of the trustee or of any creditor, may avoid a transfer of an interest in property of a debtor, or an obligation incurred by the debtor, from a transferee that is avoidable by a bona fide purchaser of real property from Plaintiff who has perfected such transfer as of the commencement of the bankruptcy case, whether or not such a purchaser exists.

20. Plaintiff held legal title to an undivided one-half interest in the Farm as of the Petition Date.

21. Plaintiff was not a party to the Divorce Proceedings or the Judgment. As a result, a bona fide purchaser of Plaintiff's interest in the Farm, as of the Petition Date, would not have had constructive or record notice of either:

   a. the Disputed Transfer; or

   b. any obligation for Plaintiff to transfer half of its interest in the Farm to Defendant.

22. Pursuant to 11 U.S.C. § 544(a)(3), Plaintiff is entitled to a judgment avoiding any obligation to transfer a one-half interest in the Farm to Defendant, or any transfer of such an interest that could have occurred by virtue of the Divorce Judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE 4- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 20-03079-dwh    Doc 1    Filed 07/23/20

## SECOND CLAIM FOR RELIEF
### (Avoidance of Transfer or Obligation – 11 U.S.C. § 544(b))

23. Plaintiff re-alleges paragraphs 1-22 above.

24. Under 11 U.S.C. § 544(b) and 550, Plaintiff, with the powers of a trustee pursuant to 11 U.S.C. § 1107(a), may avoid a transfer of an interest in property of a debtor or any obligation incurred by the debtor that is voidable under applicable non-bankruptcy law by a creditor holding an unsecured claim.

25. Defendant has alleged and continues to assert that the Disputed Transfer occurred by operation of Oregon law sometime between entry of the Judgment and the Petition Date. To the extent the alleged Disputed Transfer occurred, such transfer occurred within four (4) years of the Petition Date.

26. Plaintiff did not receive reasonably equivalent value in exchange for the Disputed Transfer.

27. Plaintiff received no value in exchange for the Disputed Transfer.

28. At the time the Disputed Transfer supposedly occurred, (a) Plaintiff was insolvent, or (b) the Disputed Transfer caused, or Plaintiff should have believed the Disputed Transfer would cause, Plaintiff to become insolvent by incurring debts beyond its ability to pay its debts as they became due.

29. Plaintiff became unable to pay its debts as they became due.

30. Pursuant to ORS 95.230, 95.240 and 95.260, applicable to this proceeding through 11 U.S.C. §§ 544(b) and 550, the Disputed Transfer is avoidable.

/ / /

/ / /

/ / /

/ / /

PAGE 5- COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 20-03079-dwh    Doc 1    Filed 07/23/20

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment)**

31. Plaintiff re-alleges paragraphs 1-30 above.

32. The Judgment was an agreement between Teherani-Ami and Dinihanian. Neither Plaintiff nor Defendant were parties to that agreement, and neither Plaintiff nor Defendant signed the Judgment indicating their assent to the terms of the Judgment.

33. Pursuant to the terms of the Judgment, Plaintiff was to receive "Sonja's membership interest in 15005 NW Cornell LLC." Judgment, page 18, line 8. No such interest exists or has existed. To the extent the Judgment contemplated the transfer of the Defendant's membership interests and Plaintiff's, the transfer of such interest is of no value to Plaintiff. No consideration was provided to support any obligation for Plaintiff to transfer half of its interest in the Farm.

34. Additionally, Plaintiff did not request or bargain for any of the purported consideration that would have been provided in exchange for the obligation to transfer half of Plaintiff's interest in the Farm. As a result, any obligation to make such transfer is unenforceable.

35. Additionally, the judgment was not signed by Dinihanian in his capacity as Plaintiff's manager. As a result, the purported obligation for Plaintiff to transfer one-half of its interest in the Farm was not subscribed by any lawful agent with "such formalities as are required by law," as is required by ORS 93.020(1). As a result, the obligation to transfer half of Plaintiff's interest in the form is void and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Entry of judgment avoiding any transfer of half of Plaintiff's interest in the Farm;

B. Entry of judgment avoiding any obligation for Plaintiff to transfer half of its interest in

PAGE 6- COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 20-03079-dwh    Doc 1    Filed 07/23/20

1  the Farm;

2      C.    Entry of Judgment declaring the agreement between Dinihanian and Teherani-Ami,

3  embodied by the Judgment in the Divorce Proceedings, unenforceable as to Plaintiff; and

4      D.    Such further and equitable relief as the Court deems just and equitable.

Dated: July 23, 2020      **PERKINS COIE LLP**

By: */s/ Douglas R. Pahl*
**Douglas R. Pahl**, OSB No. 950476
DPahl@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Counsel for Plaintiff
*15005 NW Cornell LLC*

PAGE 7- COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 20-03079-dwh    Doc 1    Filed 07/23/20