Bruce H Orr, OSB No. 813297
Email: bho@wysekadish.com
Wyse Kadish LLP
900 SW Fifth Ave, Ste 2000
Portland, OR 97204
Phone: 503 228-8448
Fax: 503 273-9135

Attorney for Tasha Teherani-Ami, in her capacity as
the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re:<br><br>15005 NW Cornell LLC and<br><br>Vahan M. Dinihanian, Jr.<br><br>Debtor(s).<br><br>---<br><br>15005 NW CORNELL LLC, an Oregon limited liability corporation,<br><br>    Plaintiff,<br><br>v.<br><br>TASHA TEHERANI-AMI, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 01/01/11,<br><br>    Defendant. | Case Nos.<br>19-31883-dwh11 (Lead case)<br>19-31886-dwh11<br><br>Jointly Administered Under<br>19-31883-dwh11<br><br>Adv. No. 20-03079-dwh<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |
|---|---|

In answer to the complaint (Dkt #1) filed by the Plaintiff, 15005 NW Cornell LLC, and for her affirmative defenses, Defendant Tasha Teherani-Ami, in her capacity as the Trustee of the Sonja Dinihanian GST Trust DTS 01/01/11 ("Defendant"), admits, denies, and alleges as follows:

PAGE 1 - **ANSWER AND AFFIRMATIVE DEFENSES**

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 6    Filed 09/02/20

1. As to paragraph 1 of the Complaint, Defendant admits that Plaintiff is an Oregon limited liability company. Defendant denies all other allegations set forth in paragraph 1. Defendant specifically denies that Dinihanian has authority as the "manager" of Plaintiff to cause Plaintiff to commence this adversary proceeding.

2. Defendant admits the allegations set forth in paragraph 2.

3. Defendant denies that there is subject matter jurisdiction because Dinihanian is not authorized to file this proceeding on behalf of Plaintiff. Otherwise, Defendant admits paragraph 3.

4. Defendant denies that there is subject matter jurisdiction because Dinihanian is not authorized to file this proceeding on behalf of Plaintiff. Otherwise, Defendant admits paragraph 4.

5. Defendant denies the allegations set forth in paragraph 5.

6. Defendant admits the allegations set forth in paragraph 6.

7. Defendant denies the allegations set forth in paragraph 7.

8. Defendant denies the allegations set forth in paragraph 8.

9. Defendant admits the allegations set forth in the first sentence of paragraph 9. Defendant denies the allegations set forth in the second sentence of paragraph 9.

10. Defendant denies the allegations set forth in paragraph 10.

11. Defendant denies the allegations set forth in paragraph 11.

12. Defendant denies the allegations set forth in paragraph 12.

13. As for paragraph 13, Defendant admits that the Washington County Circuit Court General Judgment includes the portion of that paragraph that is in quotes, but denies the balance of that paragraph because it reflects Plaintiff's inaccurate interpretation of the General Judgment. The General Judgment speaks for itself.

14. Defendant admits the allegations set forth in paragraph 14.

15. Defendant admits the allegations set forth in the first sentence of paragraph 15, so

PAGE 2 - **ANSWER AND AFFIRMATIVE DEFENSES**

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 6    Filed 09/02/20

far as it goes. There has been a transfer of an undivided one-half equitable title or interest in the Farm to Defendant for a number of reasons. There has been a transfer of an undivided one-half legal title or interest in the Farm to Defendant for a number of reasons. Defendant denies the allegations set forth in the second sentence of paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16, and so denies the same.

17. Defendant denies the allegations set forth in paragraph 17. The person who filed the petition to "commence" this Case did not have authority to do so.

18. To the extent necessary, Defendant admits and denies the allegations re-alleged in paragraph 18 as set forth above.

19. The allegations set forth in paragraph 19 are not allegations of facts, but, to the extent that they are, Defendant denies those allegations.

20. Defendant denies the allegations set forth in paragraph 20.

21. Defendant denies each and every allegation set forth in paragraph 21.

22. Defendant denies the legal conclusions and allegations set forth in paragraph 22.

23. Defendant admits and denies the allegations re-alleged in paragraph 23 as set forth above in paragraphs 1-23 of this Answer.

24. The allegations set forth in the second sentence of paragraph 24 are not allegations of facts, but, to the extent that they are, Defendant denies those allegations.

25. Defendant admits the allegations set forth in paragraph 25.

26. Defendant denies the allegations set forth in paragraph 26.

27. Defendant denies the allegations set forth paragraph 27.

28. Defendant denies the allegations set forth in the paragraph 28.

29. Defendant denies the allegations set forth in paragraph 29.

30. Defendant denies the legal conclusions and allegations set forth in paragraph 30.

31. Defendant admits and denies the allegations re-alleged in paragraph 31 as set forth

PAGE 3 - **ANSWER AND AFFIRMATIVE DEFENSES**

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 6    Filed 09/02/20

above in paragraphs 1-30 of this Answer.

32. Defendant admits that the General Judgment was, and is, an agreement, and that Teherani-Ami and Dinihanian are parties to that agreement. Defendant denies that Teherani-Ami and Dinihanian are the only parties to the agreement incorporated into the General Judgment. Defendant denies the allegations set forth in the second sentence of paragraph 32.

33. Paragraph 33 is a series of legal conclusions. Defendant denies those conclusions and any allegations set forth in paragraph 33.

34. Paragraph 34 is a series of legal conclusions. Defendant denies those conclusions and any allegations set forth in paragraph 34.

35. Paragraph 35 are a series of legal conclusions. Defendant denies those conclusions and any allegations set forth in paragraph 35.

36. Defendant denies all other allegations of Plaintiff's complaint.

37. Defendant reserves the right to amend this answer as additional information becomes available through the course of discovery.

## AFFIRMATIVE DEFENSES

As affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

38. Plaintiff's complaint fails to state ultimate facts sufficient to constitute a claim for relief.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

39. This adversary proceeding was not commenced within the time permitted by federal and/or state statutes.

### THIRD AFFIRMATIVE DEFENSE
(Lack of authority, or only pending authority)

PAGE 4 - **ANSWER AND AFFIRMATIVE DEFENSES**

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 6    Filed 09/02/20

40. Dinihanian does not have authority as the manger of Plaintiff to cause Plaintiff to file this adversary proceeding. Dinihanian's pre-petition contract with Plaintiff to serve as the manager of Plaintiff is a personal service contract. That contact has not been assumed by Plaintiff, and, if Defendant is still a member of Plaintiff, it cannot be assumed by Plaintiff. Also, Dinihanian has not sought approval in his own bankruptcy case to assume that contract, and it is not assumable in that case either if Defendant is still a member of Plaintiff. Also, the operating agreement for Plaintiff has not been assumed. If Defendant is a member of Plaintiff, Defendant objects to, and does not consent to, Dinihanian acting as the manager of Plaintiff during this case until and unless both the management agreement and the operating agreement for Plaintiff, both of which Plaintiff, Dinihanian, Eagle Holdings, LLC, and Defendant, if Defendant is a member of Plaintiff, are parties, are assumed pursuant to an order of this Court authorizing the assumption of those contracts. Because Dinihanian has not, and cannot, assume the management agreement, Dinihanian does not have authority to authorize this action against Defendant.

FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

41. Plaintiff is estopped from proceeding with this adversary proceeding.

FIFTH AFFIRMATIVE DEFENSE

(Judicial Estoppel)

42. Plaintiff is estopped from proceeding with this adversary proceeding in light of the positions it has taken and admissions it has made in and during the partition action that Plaintiff commenced in Washington County, Oregon against three of the owners of the Farm.

SIXTH AFFIRMATIVE DEFENSE

(Claim or Issue Preclusion)

43. Plaintiff is precluded from proceeding with this adversary proceeding in light of the positions it has taken and admissions it has made in and during the partition action that Plaintiff commenced in Washington County, Oregon against three of the owners of the Farm.

PAGE 5 - ANSWER AND AFFIRMATIVE DEFENSES

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 6    Filed 09/02/20

## SEVENTH AFFIRMATIVE DEFENSE

(The transaction is governed by the Oregon Limited Liability Company Act)

44. The agreement to transfer, and the transfer of, the equitable and legal interest in an undivided 1/4 interest in the Farm by Plaintiff to the Trust was a liquidating distribution to Defendant, and any right that Plaintiff may have to challenge the terms of, and the effect of, the General Judgment as a creditor of Plaintiff are governed by the Oregon Limited Liability Company Act. Plaintiff has not stated a claim of a creditor under that Act. Also, ORS 63.235(4) bars Plaintiff's action. That statute provides that any proceeding to enforce a liability for an unlawful distribution to a member of a limited liability company is barred unless "it is commenced within two years after the distribution." ORS 63.235(4). This proceeding was not commenced within two years of the distribution pursuant to the General Judgment. That statute bars Plaintiff's claims.

## EIGHTH AFFIRMATIVE DEFENSE

(Oppression; Bad Faith)

45. Plaintiff, and specifically Mr. Dinihanian, has filed this adversary proceeding for the purpose of forcing Defendant to resign as the trustee of the Trust. Plaintiff, and Mr. Dinihanian, even if he is the manager of Plaintiff, is proceeding in bad faith.

## NINTH AFFIRMATIVE DEFENSE

(Laches/Waiver)

46. Plaintiff, for years before this case was filed, and for months after this case was filed, declined to dispute that the General Judgment was binding upon Plaintiff, Dinihanian, Eagle Holdings, LLC, and the Trust. Plaintiff may not now attack the terms of the General Judgment.

## TENTH AFFIRMATIVE DEFENSE

(Abate)

47. Before Plaintiff commenced this adversary proceeding on July 23, 2020, Defendant

PAGE 6 - **ANSWER AND AFFIRMATIVE DEFENSES**

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 6    Filed 09/02/20

filed an adversary proceeding on July 17, 2020 (Adv. Proc. Case No. 20-03077-dwh), which sets forth a series of claims that should be decided by this Court before this Court considers the claims asserted by Plaintiff in this adversary proceeding.

WHEREFORE, having fully answered Plaintiff's complaint, Defendant prays for judgment in Defendant's favor and for an award of costs and disbursements. In the alternative, Defendant prays that this case be abated and decided after the Court enters a final judgment in the adversary proceeding commenced by Defendant (Adv. Proc. Case No. 20-03077-dwh).

Dated: September 2, 2020.

WYSE KADISH LLP

/s/ Bruce H. Orr
Bruce H. Orr, OSB No. 813297
*bho@wysekadish.com*
Telephone: (503) 228-8448
Facsimile: (503) 273-9135
Of Attorneys for Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11

PAGE 7 - **ANSWER AND AFFIRMATIVE DEFENSES**

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 6    Filed 09/02/20

**CERTIFICATE OF SERVICE**

On September 2, 2020, I served copies of

**ANSWER AND AFFIRMATIVE DEFENSES**

on the following entitled to notice:

1) through CM/ECF:

Douglas R. Pahl
Attorney for plaintiff 15005 NW Cornell LLC

DATED: September 2, 2020

                                            */s/ Bruce H. Orr*
                                            Bruce H. Orr, OSB No. 813297
                                            *bho@wysekadish.com*

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 6    Filed 09/02/20