Bruce H Orr, OSB No. 813297
Email: bho@wysekadish.com
Wyse Kadish LLP
900 SW Fifth Ave, Ste 2000
Portland, OR 97204
Phone: 503 228-8448
Fax: 503 273-9135

Attorney for Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>15005 NW Cornell LLC and<br><br>Vahan M. Dinihanian, Jr.<br><br>      Debtor(s).<br><br>─────────────────────────<br><br>15005 NW CORNELL LLC, an Oregon limited liability corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>TASHA TEHERANI-AMI, IN HER CAPACITY AS THE TRUSTEE OF THE SONJA DINIHANIAN GST TRUST DTS 01/01/11,<br><br>      Defendant. | Case Nos.<br>19-31883-dwh11 (Lead case)<br>19-31886-dwh11<br><br>Jointly Administered Under<br>19-31883-dwh11<br><br>Adv. No. 20-03079-dwh<br><br>**DEFENDANT'S CORRECTED SUPPLEMENTAL MEMORANDUM OF ADDITIONAL AUTHORITIES REGARDING PLAINTIFF'S FIRST CLAIM** |

Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust

PAGE 1 - **DEFENDANT'S CORRECTED SUPPLEMENTAL MEMORANDUM OF ADDITIONAL AUTHORITIES**

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 54    Filed 11/03/21

DTS 1/1/11 ("Defendant" or "Trust") submits this post-trial memorandum in response to this Court's request for additional authority on an issue concerning the Plaintiff's first claim for relief.

"Was the recording of the trust deed [securing Vahan Dinihanian's debt to Tash Dinihanian( nka Tash Teherani-Ami)] sufficient to give constructive notice of the provisions of the [divorce judgment entered in the Circuit Court for the State of Oregon, Multnomah County, Case No. 120868730] to a good faith purchaser for value, depriving [15005 NW Cornell LLC] of the ability to use section 544(a)(3) to avoid the title conveyance [of an undivided 25% interest at a tenant in common in the Cornell property] to the Trust?"

**Plaintiff's First Claim for Relief**

A bankruptcy trustee is given so-called "strong arm" powers under 11 U.S.C. § 544, which include the powers of a bona fide purchaser of real property under state law:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
> * * *
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

As explained by the court in *Michael A. Grassmueck, Inc. v. Wurst*, 09-6130-FRA, 2009 WL 3367042, at *2 (Bankr D Or Oct 16, 2009):

> A bankruptcy estate includes 'all legal or equitable interests of the debtor in property as of the commencement of the case.' Code § 541(a)(1). Where the estate has an interest in property, BFP status allows the trustee to succeed to that interest free of unrecorded interests, but subject to notice of facts respecting a prior unrecorded interest in the property that reasonable inquiry would have disclosed, if there exist facts that would lead a reasonable person to inquire into other possible interests in the property (i.e. inquiry notice). *See In re Roman Catholic Archbishop of Portland*, 335 B.R. 868, 881 (Bankr.D.Or.2005).
>
> The key is that only legal and equitable interests that belonged to the

PAGE 2 - DEFENDANT'S CORRECTED SUPPLEMENTAL
MEMORANDUM OF ADDITIONAL AUTHORITIES

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 54    Filed 11/03/21

> debtor become property of the estate. In order for the trustee to exercise his rights as a BFP, it must first be established that the estate has a legal or equitable interest in the property in question. The trustee cannot use his BFP status to turn non-estate property into estate property.

*Michael A. Grassmueck, Inc. v. Wurst*, 09-6130-FRA, 2009 WL 3367042, at *2 (Bankr D Or Oct 16, 2009).

Inquiry notice may arise "when the existence of a claimed interest in real property may be determined through investigation based on facts available to the claimant that would cause a reasonable person to make such inquiry." *Gorzeman v. Thompson*, 162 Or.App. 84, 92, 93, 986 P.2d 29 (1999)("plaintiff had the burden of proving their status as bona fide purchasers."). "To be charged with notice of facts a reasonable inquiry would have disclosed, there first must be facts that would cause a reasonable person to make such inquiry. In other words, there must be a duty to inquire before the purchaser is charged with notice of what she would have learned had she made the inquiry." *In re Roman Catholic Archbishop of Portland in Oregon*, 335 BR 868, 881 (Bankr. D. Or. 2005). See also *Spady v. Graves*, 307 Or. 483, 488 n. 3, 770 P.2d 53 (1989)(explaining that constructive notice can be either record notice under the statutes or inquiry notice).

In *High v. Davis*, 283 Or 315, 333–34, 584 P2d 725, 736 (1978) inquiry notice was based upon notations in a preliminary title report that mentioned memberships granting hunting and fishing rights, "some of which are recorded." The mortgagee in that case was charged with knowledge of all of the memberships because he should have asked about the number and nature of those interests. Significantly, some of the documents that evidenced the membership interests and rights were not recorded. Nevertheless, the court held that the information in the title report was sufficient.

A helpful statement of this concept is set out in *Greene v. Legacy Emanuel Hosp. & Health Care Ctr.*, 335 Or 115, 122–23, 60 P3d 535, 539 (2002)(distinguishing the concept of inquiry notice in the context of real property transactions from its use in connection with when a

PAGE 3 - DEFENDANT'S CORRECTED SUPPLEMENTAL
MEMORANDUM OF ADDITIONAL AUTHORITIES

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 54    Filed 11/03/21

person might be charged with "inquiry notice" in connection with discovery of a personal injury and the commencement of running of the statute of limitation for such an injury). The Oregon Supreme Court stated that it has used the phrase "inquiry notice":

> to determine whether a person with some awareness of an unrecorded interest in real property could claim the status of a bona fide purchaser. *See High v. Davis*, 283 Or. 315, 333, 584 P.2d 725 (1978) (describing "inquiry notice" as specie of constructive notice regarding outstanding interests in land). *High* cited *Belt et ux. v. Matson et al.*, 120 Or. 313, 252 P. 80 (1927), which did not use the phrase "inquiry notice" but illustrated the pertinent legal concept as follows:
>
>> "The law has been well settled from early times in this state that a subsequent purchaser with notice of an outstanding unrecorded title, encumbrance or interest in real property takes title subject to the outstanding unrecorded title. If the subsequent purchaser has information sufficient to put him upon inquiry as to such outstanding unrecorded title and reasonable inquiry would lead to full information regarding such unrecorded interest and he neglects to make such inquiry, he takes title to the land charged with such outstanding title or interest.
>>
>> '* * * * *
>>
>> "*Carter v. Portland*, 4 Or. 339, 350 [ (1873) ]:
>>
>>> "'*The general doctrine is, that whatever is sufficient to direct the attention of a purchaser to the prior rights and equities of third persons, and to enable him to ascertain their nature by inquiry, will operate as notice.*' *Musgrove v. Bonser*, 5 Or. 313, 317 [ (1874) ] (20 Am. Rep. 737)."
>
> *Belt*, 120 Or. at 320–21, 252 P. 80.
>
> Those passages demonstrate that the constructive notice rule in the law of real property functions to determine whether a purchaser of real property had imputed notice of unrecorded interests in the property at the time of purchase.

*Greene v. Legacy Emanuel Hosp. & Health Care Ctr.*, 335 Or 115, 122–23, 60 P3d 535, 539 (2002) (emphasis added).

Vahan M Dinihanian signed the Trust Deed for 15005 LLC as the grantor under the Trust Deed in his capacity as the manger of that LLC, and personally as the "Guarantor." The General Judgment was directly tied to and critical to the terms of the Trust Deed. The Trust Deed contains these terms.

> WHEREAS, Beneficiary and Guarantor are parties to that certain dissolution of

PAGE 4 - DEFENDANT'S CORRECTED SUPPLEMENTAL
MEMORANDUM OF ADDITIONAL AUTHORITIES

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 54    Filed 11/03/21

marriage proceeding entitled *Tasha L. Dinihanian, Petitioner, and Vahan M Dinihanian, Respondent,* Multnomah County, Oregon Circuit Court Civil Case Number 1208-68730 ("Lawsuit").

WHEREAS, Beneficiary and Guarantor have reached a mediated agreement pursuant to which the Lawsuit will be settled through entry of a General Judgment of Dissolution of Marriage in the form attached hereto as Exhibit A and incorporated herein ("Judgment").

* * *

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, and for the purpose of securing the Obligations described in Section 1.1 below, Grantor irrevocably grants, bargains, sells, conveys, assigns, and transfers to Trustee in trust for the benefit and security of the Beneficiary, with power of sale and right of entry and possession, all of Grantor's right, title, and interest in and to the real property located in Washington County, Oregon, and more particularly described in Exhibit B attached to this Trust Deed and incorporated herein (the "Property" or "Trust Property");

The parties made the General Judgment part of what was defined as the "Security Documents."

PROVIDED ALWAYS, that if all the Obligations (as defined in Section 1.1 below) are paid, performed, and satisfied in full, then the lien and estate granted by this Trust Deed will be reconveyed.

This Trust Deed, the Judgment, and all other agreements or instruments executed at any time in connection with them, as they may be amended or supplemented from time to time, are sometimes collectively referred to below as the "Security Documents."

The Trust Deed secures the promise to deliver a deed to the Trust. Section 1 provides:

1.1 Obligations Secured. This Trust Deed secures the following, collectively referred
to as the "Obligations":

(1) The payment of all of the Money Award, including but not limited to principal and interest as provided in the Judgment, *and the performance of all covenants and obligations of Guarantor under the Judgment*, whether such payment and *performance is now due or becomes due in the future*;

(2) Guarantor's payment and performance of all covenants and obligations in this Trust Deed, *in the other Security Documents*, *and* in all other security agreements, notes, agreements, and undertakings now existing or hereafter executed by Grantor with or for the benefit of Beneficiary; and

(3) The payment and *performance of any and all other indebtedness and obligations of Grantor to Beneficiary* and of Guarantor to Beneficiary *of any nature whatsoever, whether direct or indirect*, primary or secondary, joint or several, liquidated or unliquidated, whenever and however arising, and whether or

PAGE 5 - **DEFENDANT'S CORRECTED SUPPLEMENTAL MEMORANDUM OF ADDITIONAL AUTHORITIES**

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 54    Filed 11/03/21

not reflected in a written agreement or instrument.

Then in paragraph 1.2, the Debtor specifically agreed to perform all of the Obligations secured by the Trust Deed.

> 1.2 Payment of Money Award and Performance of Covenants. Grantor and Guarantor will duly and punctually pay and perform all the Obligations.

Thus, the recorded Trust Deed gave constructive notice and inquiry notice the of delivery of the deed. *See also In re Lane*, 06-32879-ELP7, 2007 WL 1723502, at *6–7 (Bankr D Or June 11, 2007)(held inquiry notice of future advances thus trustee was not entitled to avoid the lien securing the future advances; "recorded trust deed gave constructive notice to subsequent purchasers or lienholders that future advances were secured" and "it certainly gave rise to inquiry notice" of the amount of those future advances; "The trust deed here was recorded; it showed on its face that it secured future advances. Therefore, defendant's interest in debtor's real property was not a secret, but could be discovered by looking in the property records and inquiring as to the amount, if any, of advances made prepetition under the future advances clause."). *See also In re Alta Mesa Res., Inc.*, 19-35133, 2021 WL 2877430, at *6 (Bankr SD Tex July 8, 2021) (mention of documents is sufficient notice).

The Trust has shown that a diligent purchaser could have ascertained the terms of the General Judgment that directed the transfer based solely on the land records.

Here, not only was the General Judgment attached, but the Trust Deed itself gave constructive and inquiry notice of all the terms of the General Judgment. The obligation of 15005 LLC to transfer an undivided 25% in the property to the Trust is part of the Trust Deed. Because the Trust Deed secured the obligations set out in the General Judgement, the General Judgment was attached. *See* Dkt. 250-1, Ex. 2.

**Conclusion**

The Trust Deed has not been avoided. Plaintiff has conceded the validity of the Trust

PAGE 6 - DEFENDANT'S CORRECTED SUPPLEMENTAL
MEMORANDUM OF ADDITIONAL AUTHORITIES

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 54    Filed 11/03/21

Deed. Plaintiff agreed in the Trust Deed to perform all of the Obligations set out in the General Judgment. That is certainly constructive if not inquiry notice of the unavoided and unavoidable judicial transfer to the Trust of all equitable interests in an undivided 25% interest in the Cornell Property, the Farm. The Trust's interest cannot be avoided under 11 U.S.C. §544(a)(3).

Dated November 3, 2021.   WYSE KADISH LLP

 /s/ Bruce H. Orr
Bruce H. Orr, OSB No. 813297
bho@wysekadish.com
Telephone: (503) 228-8448
Facsimile: (503) 273-9135
Of Attorneys for Tasha Teherani-Ami, in her capacity as the trustee of the Sonja Dinihanian GST Trust DTS 1/1/11

PAGE 7 - **DEFENDANT'S CORRECTED SUPPLEMENTAL MEMORANDUM OF ADDITIONAL AUTHORITIES**

Wyse Kadish LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

Case 20-03079-dwh    Doc 54    Filed 11/03/21

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I certify that on the date below, I caused the above pleading to be served on counsel for the parties in this proceeding and other interested parties requesting notice through the Court's CM/ECF system, and, on those not a part of CM/ECF, by first class U.S. mail, including: |
| 3 | |
| 4 | NONE |
| 5 | |
| 6 | DATED: November 3, 2021. |
| 7 | /s/ *Bruce H. Orr* <br> Bruce H. Orr, OSB No. 813297 |

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135